Scott vs. The State.

REUBEN SCOTT, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

Under an indictment for keeping a gaming house, defendant does not relieve himself by showing that he had rented out the house before the gaming was done, when it appears that the house was in his possession when the gaming occurred.

Indictment for keeping a gaming house, in Gordon Superior Court. Tried before Judge CROOK, April Term, 1859.

The plaintiff in error, Reuben Scott, was indicted for keeping a gaming house; he pleaded not guilty. At the trial, *Robert Hackney*, testified: That he knew of persons playing cards in a house side by side with the house that Scott lived in, and that it was his understanding that Scott was in possession of said house, but he could not say positively; he further testified, that he did not believe that Scott kept the house for the purpose of gaming, but that he kept beds and a table or tables for the accommodation of boarders and persons who put up with him on public occasions; that he stepped into the house one day in 1857, and found Gilbert H. Longstreet dealing faro, and told him that they would ruin Scott; they were playing with the doors open, and about one-third of the town boys were looking on; Longstreet replied, that he boarded there, and had rented the room from Scott and slept in it, and it was his room and not Scott's, and that Scott was not responsible for the playing. He was present at different times and saw Scott playing cards with others in the year 1858, in said room, both before and after the time that Longstreet stated that he had rented the room.

*John Huggins* testified: That he thought that it was sometime in the fall of 1856, or spring of 1857, that he played a game of cards with Scott in a house that he supposed was in Scott's possession, but he could not say positively whether he was in possession or not. If Scott ever kept a gaming house he did not know it.

The testimony being closed, counsel for the defendant requested the Court to charge the jury, " that if from the evidence, they should come to the conclusion, that the house was rented by defendant for two years previously to the finding the indictment or presentment, then the defendant could not be found guilty under the statute for ' *keeping a gaming*

Scott vs. The State.

*house,'* unless it was proven that he rented it for that purpose."

The Court refused to charge as requested, but charged that it made no difference whether the defendant had the exclusive possession of the premises or not, *if he used* it for the purpose of gaming, although rented to another occasionally, he was guilty, whether it was rented with the intention that it should be so used or not.

To this charge and refusal to charge as requested, defendant excepted.

The jury found the defendant guilty, whereupon he tenders his bill of exceptions, assigning as error, the charge and refusal to charge as above stated.

PARROTT, for plaintiff in error.

JOHNSON, Sol. Gen., *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

The charge asked by the counsel of Scott in this case, would have been right if the indictment had been for *renting* out a gaming house; for then the purpose for which Scott had rented out the house would have been the gist of the matter. But the indictment was for *keeping* a gaming house, and if he controlled the house and used it for gaming, it was very immaterial whether he had, before that time, let somebody else have it on rent or not. If the house was in his possession when the gaming took place in it, with his consent, he was guilty. The Court substantially so charged.

Judgment affirmed.